FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 OCT 20 PM 12:05

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TOBIAS A. FRANK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-018 |
| | ) | (Formerly CR 103-045) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

___

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Petitioner, an inmate confined to federal custody at FCI Medium - Victorville, in Adelanto, California, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is currently before the Court on Respondent's motion to dismiss the instant § 2255 case (doc. no. 5), as well as four motions to amend filed by Petitioner subsequent to the motion to dismiss (doc. nos. 6, 8, 11, 14).[1] For the reasons set forth below, Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that Petitioner's motions to amend be **DENIED**, that this § 2255 action be **DISMISSED** and **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

___

[1] Each of Petitioner's motions is styled as a "Motion Requesting Permission to File Supplemental Memorandum of Fact and Law." (Doc. nos. 6, 8, 11, 14.) However, as Respondent points out, Petitioner's primary request for Court action in these motions is to ask for permission to amend prior pleadings. (See doc. no. 9.) Therefore, the Court construes these filings as motions to amend.

I.  **BACKGROUND**

On July 10, 2003, Petitioner was charged with several drug-related crimes in an eight-count indictment. United States v. Frank, CR 103-045, doc. no. 1 (S.D. Ga. July 10, 2003) (hereinafter "CR 103-045"). Pursuant to a written plea agreement, Petitioner pleaded guilty to possession with intent to distribute over five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).[2] Id., doc. nos. 96, 97. Petitioner's plea agreement contained a broad appeal and collateral attack waiver provision that stated in relevant part:

> The defendant, as a part of this agreement and in consideration for the government's promises hereunder, . . . expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

Id., doc. no. 97, p. 4.

At the Rule 11 hearing held on March 9, 2004, the Honorable Dudley H. Bowen, Jr., then-Chief United States District Judge, summarized the terms of the plea agreement and explained to Petitioner that he had "waived any right to make any collateral post-conviction attack or habeas corpus attack on [his sentence]." Id., doc. no. 120, pp. 15-16. Petitioner indicated at the hearing that he understood that he had agreed to this waiver as set forth in the plea agreement and summarized by Judge Bowen. Id. at 17-18. After providing an explanation of the maximum penalty for the charge to which Petitioner was pleading guilty and hearing testimony as to the factual basis for the plea, the truth of which Petitioner confirmed, Judge Bowen accepted Petitioner's guilty plea. Id., pp. 28-33.

---

[2]In exchange for Petitioner's guilty plea, the government agreed to dismiss the remaining charges against Petitioner. CR 104-045, doc. no. 97. These charges were dismissed on the government's motion following acceptance of the guilty plea. Id., doc. no. 106.

After the Rule 11 hearing, the United States Probation Office prepared a presentence investigation report ("PSI"). The PSI provided for a base offense level of 34 and a two point enhancement based on a firearm being found in his residence, for a total offense level of 36. PSI ¶¶ 20, 21, 27. Additionally, based on prior convictions for statutory rape and possession of cocaine with intent to distribute, Petitioner was determined to be a career offender, which resulted in a criminal history category of VI. Id. ¶¶ 40, 41, 48. Petitioner filed several objections to the PSI, including an objection based on the denial of a reduction in offense level for acceptance of responsibility. Id., addendum.

At the July 21, 2004 sentencing hearing, Judge Bowen overruled all of the objections except for the one relating to acceptance of responsibility, which he sustained such that Petitioner's total offense level was reduced to 34. CR 103-045, doc. no. 111-1, p. 19. In light of his total offense level and criminal history category, Petitioner's advisory guidelines range was 262 to 327 months. Judge Bowen sentenced Petitioner to a 262-month term of incarceration. Id., doc. no. 106.

A judgment was entered, following which Petitioner filed a direct appeal. Id., doc. nos. 106, 107. On January 6, 2006, the Eleventh Circuit Court of Appeals dismissed his appeal. See id., doc. no. 124.[3,4] Petitioner did not file a petition for a writ of certiorari with

---

[3] The timestamp on the order dismissing the appeal mistakenly indicates that the order was filed on January 6, 2005; however, Respondent has provided a docket sheet from the Eleventh Circuit appellate case showing that the correct date is January 6, 2006. (See doc. no. 9, Ex. A.)

[4] The only claim Petitioner raised on direct appeal was that his sentence violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004), in that drug quantities were attributed to him to which he did not admit. See CR 103-045, doc. no. 45, p. 2. The Eleventh Circuit dismissed his appeal, finding that Petitioner was barred from bringing his Blakely claim by the appeal waiver in his plea agreement. Id., pp. 4-5.

3

the Supreme Court.

Judge Bowen later reduced Petitioner's term of imprisonment to 156 months pursuant to a motion by the government asking for a reduction under Fed. R. Crim. P. 35(b) for substantial assistance and a motion by Petitioner seeking a reduction based on a retroactive amendment to the sentencing guidelines. Id., doc. no. 156. Petitioner later filed several motions asking for further reductions or resentencing, including a motion for relief from judgment under Fed. R. Civ. P. 60(b), a motion for relief under 28 U.S.C. § 1651(a), and a motion to file a late § 2255 motion. (See doc. nos. 157, 159, 169.) Judge Bowen denied all of these motions. (Doc. nos. 163, 174.) Petitioner has also unsuccessfully petitioned the United States District Court for the Central District of California, the district where he is incarcerated, for relief under 28 U.S.C. § 2241. See Frank v. Banks, CV 10-08535, 2011 U.S. Dist. LEXIS 88198 (C.D. Cal. July 15, 2011) (recommending dismissal of § 2241 petition for lack of jurisdiction), *adopted as opinion of district court*, 2011 U.S. Dist. LEXIS 88197 (C.D. Cal. Aug. 9, 2011).

On February 7, 2011, Petitioner filed his original § 2255 motion in this case, in which he argued that he should not have been sentenced as a career offender because, under the Supreme Court's decisions in Begay v. United States, 553 U.S. 137 (2008), and Johnson v. United States, 559 U.S. ___, 130 S. Ct. 1265 (2010), his prior conviction for statutory rape does not count as a "violent felony" for the purpose of determining career offender status. (See doc. no. 1.) Petitioner then filed a motion to amend, in which he repeated the claim from his initial § 2255 motion and also argued that his classification as a career offender was improper in that it relied upon a prior Richmond County conviction for possession of cocaine with intent to distribute whose offense conduct was related to the offense conduct in CR

4

103-045. (See doc. no. 2.) Soon thereafter, Petitioner filed a second amended § 2255 motion, which set forth these same claims regarding his career offender status. (Doc. no. 3.)

In an order issued on March 25, 2011, the Court construed his second amended § 2255 motion as a second motion to amend, granted that motion, found his first motion to amend moot, and specified that the second amended § 2255 motion would supersede the previous versions of Petitioner's § 2255 motion. (See doc. no. 4, p. 3.) In addition, the Court directed Respondent to respond to the second amended § 2255 motion. (Id.)

Respondent then filed the instant motion to dismiss, in which it argues that Petitioner's claims are barred by the collateral attack waiver in his plea agreement. (Doc. no. 5.) Petitioner opposes the motion to dismiss. (Doc. no. 7.) Subsequently, Petitioner filed the four instant motions to amend, the details of which are discussed below. (Doc. nos. 6, 8, 11, 14.) Respondent has filed a reply to Petitioner's response to the motion to dismiss; Respondent has also filed responses to each of the motions to amend, and Petitioner has filed replies to all but the last of those responses. (Doc. nos. 9, 10, 12, 13, 15.) The Court resolves these matters as follows.

## II. DISCUSSION

### A. The Claims in the Second Amended § 2255 Motion Are Barred by the Collateral Attack Waiver

It is well-settled that a waiver of the right to collaterally attack a sentence is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); Bushert, 997 F.2d at 1345.[5] "To establish the waiver's validity, the

---

[5] Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. See United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993).; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004).

5

government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then the claims in Petitioner's second amended § 2255 motion are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has met its burden in demonstrating the existence of a valid collateral attack waiver. In the written plea agreement signed by Petitioner, he "expressly waive[d] any and all rights to collateral post-conviction attack of the sentence imposed." CR 103-045, doc. no. 97, p. 4. Moreover, Judge Bowen thoroughly reviewed the terms of the plea agreement during the Rule 11 hearing, emphasizing that Petitioner had "waived any right to make any collateral post-conviction attack or habeas corpus attack on [his sentence]." Id., doc. no. 120, pp. 15-16. After Judge Bowen concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Bowen. Id. at 17-18.

The record before the Court therefore demonstrates that the collateral attack waiver was knowing and voluntary. While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Petitioner argues in response to the motion to dismiss that the government breached the plea agreement such that the Court should not enforce it against him. As Respondent shows in its reply, this contention is without merit. (See doc. no. 9, pp. 3-8.) In particular, Petitioner argues that the government breached its agreement "not to allow the testimony of an immediate family member." (Doc. no. 7, p. 6.) The plea agreement, however, sets forth no such agreement. Rather, it provided that Petitioner would "not be required to testify against any member of his immediate family in the above-referenced indictment." CR 109-045, doc. no. 97, p. 3. Petitioner does not state that he was required to provide testimony against any immediate family member.

Petitioner also asserts that the government breached the provision of the plea agreement concerning cooperation through providing pertinent information because the government attorney "only commented on [such cooperation to Judge Bowen] after defense counsel had advised [Judge Bowen of the cooperation]." (Doc. no. 7, p. 6.) In other words, Petitioner contends that the government breached the plea agreement because, during the sentencing hearing, his attorney mentioned his attempt at cooperation before the government's attorney did so. This argument must fail because the government was under no obligation to advise Judge Bowen of Petitioner's attempt to cooperate *before* Petitioner mentioned that issue the sentencing hearing. Moreover, the sentencing transcript shows that, consistent with the plea agreement, the government attorney acknowledged at sentencing that Petitioner was attempting to cooperate and that any information he provided would be evaluated and acted upon accordingly. CR 109-045, doc. no. 111, p. 20.

Similarly, Plaintiff misses the mark with his assertion that the government breached the plea agreement by failing to move for a downward departure within one year of his

7

sentencing. (See doc. no. 7, p. 6.) As Respondent argues, the plea agreement only required the government to consider whether Petitioner had provided substantial assistance such that a motion for downward departure was appropriate. See CR 109-045, doc. no. 97, p. 2. The record reflects that the government evaluated and considered Petitioner's attempt to cooperate such that it did not breach the portion of the plea agreement concerning Petitioner's cooperation. Indeed, the government explained in a January 18, 2006 filing that Petitioner was still attempting to cooperate but that his cooperation up to that point did not qualify as "substantial assistance" warranting a reduction. See id., doc. no. 126. The government moved to toll the limitations period for filing for a downward departure, and roughly six months later, it determined that Petitioner had provided substantial assistance and moved for a sentence reduction. Id., doc. no. 131. That motion was granted, and Judge Bowen reduced Petitioner's term of incarceration to 156 months. Id., doc. no. 156. Therefore, Petitioner lacks any foundation for his assertion that the government's failure to file for a downward departure within one year of his sentencing violated the plea agreement. Petitioner's remaining arguments as to the enforceability of his plea agreement are similarly without merit and do not warrant further discussion.

In sum, the Court concludes that the collateral attack waiver is valid and that the claims set forth in the second amended § 2255 motion concerning the use of prior convictions to sentence Petitioner as a career offender are barred from review. Respondent's motion to dismiss should therefore be **GRANTED** as to the claims set forth in the second amended § 2255 motion. The Court will now proceed to address the remaining pending motions in this case, which consist of a series of requests to amend filed by Petitioner.

## B. Petitioner's Motions to Amend Should Be Denied

As noted above, following the filing of the motion to dismiss, Petitioner filed four motions to amend.[6] (Doc. nos. 6, 8, 11, 14). First, Petitioner requests to amend his prior pleadings by providing additional and repeated arguments related to his career offender status claims and his opposition to Respondent's motion to dismiss, including his contention that the government breached the plea agreement and that the collateral attack waiver is unenforceable. (See doc. no. 6, pp. 1-6; doc. no. 8, pp. 2-3; doc. no. 11, pp. 1-3.) In addition, Petitioner seeks to add the following new claims to his second amended § 2255 motion:

(1) that the District Court erred by misinforming him at sentencing regarding the waiver of his right to challenge his sentence based on Blakely, *supra*, rendering his appeal waiver invalid;

(2) that his sentence should be reduced pursuant to the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, and recent amendments to the Sentencing Guidelines that govern crack cocaine offenses;

(3) "that the district court erred by attributing drug quantity in which he did not admit to";

(4) that his trial counsel rendered ineffective assistance by failing to object to Petitioner being sentenced as a career offender;

(5) that the federal statutes under which he was convicted and sentenced are unconstitutional because they violate the Tenth Amendment and because their enforcement by the executive and judicial branches as part of the "war on drugs" infringes on Congress' exclusive constitutional authority to declare war.

(See doc. no. 8, pp. 2-4; doc. no. 11, p. 4; doc. no. 14, pp. 2-7.)

---

[6]As explained below, the same standards govern each of these motions; accordingly, for ease of reference, the Court will hereinafter refer to these motions collectively as a single request to amend.

9

Respondent contends that Petitioner's arguments as to the validity of his collateral attack waiver are without merit, as discussed *supra*, and that his request to add additional claims should be denied because the proposed amended claims cannot provide a basis for relief. (See doc. nos. 9, 12, 15.)

Federal Rule of Civil Procedure 15(a)(1)[7] provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Rule 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[8] "In making this determination, a court should consider whether there has been undue delay

---

[7]The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions ." Fed. R. Civ. P. 81(a)(4). Similarly, Rule 12 of the Rules Governing § 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure . . ., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Furthermore, both the Supreme Court and the Eleventh Circuit have held Federal Rule of Civil Procedure 15 applicable to requests to amend § 2255 motions. See Mayle v. Felix, 545 U.S. 644, 654 (2005); Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001) (*per curiam*). Thus, the Court will apply a traditional Rule 15 analysis to Petitioner's motions to amend.

[8]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

10

in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182).

An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted; similarly, a motion to amend that seeks to add claims is properly denied as futile when the claims are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))). In accordance with this principle, "[w]here the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

Notably, however, under Federal Rule of Civil Procedure 15(c), an amended claim will relate back to the date of the original pleading if it arises "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Rule 15(c) is narrow; it does not contemplate the addition of "an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (*per curiam*) (citing Pruitt, 274 F.3d at 1318). Moreover, in the context of a habeas corpus action, the fact that claims arise out of the same "trial, conviction, or sentence" is not sufficient for relation back. Mayle, 545 U.S. at 664; Farris, 333 F.3d at 1215 ("[T]o relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." (citing Davenport v. United States, 217 F.3d

11

1341, 1344 (11th Cir. 2000))). Rather, it is imperative that the claims be "tied to a common core of operative facts." Mayle, 545 U.S. at 664; see also Pruitt, 274 F.3d at 1319 ("[T]he key factor is whether the amended claims arise from the same underlying facts as the original claims.").

Here, because Petitioner was previously granted permission to amend his § 2255 motion, he cannot amend as a matter of right under Rule 15(a)(1). Therefore, the Court will proceed to determine whether his various proposed amendments should be allowed under Rule 15(a)(2).

### 1. Proposed Amendments Raising Arguments Related to the Second Amended § 2255 Motion and Motion to Dismiss Are Futile

As noted above, Petitioner requests to amend his pleadings to provide additional arguments in support of the merits of the claims asserted in his second amended § 2255 motion and in opposition to Respondent's motion to dismiss. (See doc. no. 6, pp. 1-6; doc. no. 8, pp. 2-3; doc. no. 11, pp. 1-3.) As explained above, the claims in the second amended § 2255 motion are barred by the collateral attack waiver in Petitioner's plea agreement. See supra Part II.A. Petitioner's proposed amendments that raise arguments related to those claims and Respondent's motion to dismiss primarily focus on why his prior offenses are allegedly inadequate to qualify him for career offender status. These arguments do not alter the fact that these claims are barred by the collateral attack waiver. Because amendment of Petitioner's pleadings to include these arguments would not save the claims from dismissal, Petitioner's request to amend should be **DENIED** for futility to the extent that he seeks to amend his pleadings to provide such arguments.

## 2. Proposed Amendments Raising New Claims Are Futile

Furthermore, Petitioner seeks to amend his second amended § 2255 motion to add various new claims. (See doc. nos. 8, 11, 14.) Respondent argues that such claims would be untimely and/or lack merit and that, as a consequence, Petitioner's request to add new claims should be denied. (See doc. nos. 9, 12.)

### a. Timeliness of New Proposed Claims

Because Petitioner's new proposed claims were brought in motions submitted subsequent to the second amended § 2255 motion, the Court must determine whether such claims are timely. Claims in § 2255 motions are subject to a one-year statute of limitations, which begins to run on the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner contends that, because of his reliance on the Supreme Court's decision in Johnson v. United States, *supra*, the limitations period should be controlled by § 2255(f)(3) and should run from March 2, 2010, the date of that decision. Assuming, without deciding,

13

that March 2, 2010 is the controlling date for all of Petitioner's claims,[9] the statute of limitations applicable to Petitioner's § 2255 claims expired in or around March of 2011. Thus, Petitioner's second amended § 2255 motion, filed in February of 2011, was timely.[10] However, based on the date that he signed his motions to amend seeking to add new claims, he brought all of his proposed amended claims on or after July 5, 2011. (See doc. no. 8, p. 5; doc. no. 11, p. 7; doc. no. 14, p. 11.) All of these proposed amended claims will therefore be untimely unless Petitioner can somehow show otherwise.

As discussed above, one way in which Petitioner might bring these seemingly untimely claims is if his proposed amended claims relate back to the date of his second amended § 2255 motion under Rule 15(c). In the claims in his second amended § 2255 motion, Petitioner challenges the validity of his career offender status, arguing that his prior conviction for statutory rape does not count as a "violent felony" for the purpose of determining career offender status and that the prior drug conviction should not count because

---

[9]Because several of Petitioner's claims have nothing to do with Johnson, their limitations period would likely be controlled by § 2255(f)(1), under which the limitations period expired in April of 2006, the date Petitioner's judgment became final. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); see also Sup. Ct. R. 13 (providing 90-day time limit from judgment of court of appeals in which to file petition for writ of certiorari). However, because Petitioner's new claims are untimely under either § 2255(f)(1) or § 2255(f)(3), the Court need not make definitive findings as to which provision controls with respect to each claim.

[10]Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motions are deemed filed on the date of delivery to prison officials for mailing. See also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam) (§ 2255 motion deemed filed on date the petitioner "signed, executed, and delivered his petition to prison authorities for mailing"). The second amended § 2255 motion is dated February 25, 2011. (Doc. no. 3, p. 13.) Respondent does not challenge the timeliness of the claims in Petitioner's original § 2255 motion or his seconded amended § 2255 motion.

14

it was related to the offense conduct in CR 103-045. (See doc. no. 3.) These claims hinge on the nature of the prior convictions used to classify Petitioner as a career offender and the legal question of whether they qualify him for the career offender sentencing enhancement.

The majority of Petitioner's new proposed claims are too far removed from the claims in his second amended § 2255 motion to relate back. The first and second new proposed claims are that the District Court erred by misinforming him at sentencing regarding the waiver of his right to challenge his sentence based on Blakely, *supra*, and that his sentence should be reduced pursuant to Sentencing Guidelines amendments enacted subsequent to his sentencing. (See doc. no. 8.) These claims bear no relation to the career offender claims from Petitioner's second amended § 2255 motion; the two sets of claims are totally distinct in terms of their legal and factual bases, and it is not enough that they "arose out of the same . . . sentencing proceeding." Farris, 333 F.3d at 1215. The same is true of his third proposed new claim – "that the district court erred by attributing drug quantity in which he did not admit to" (doc. no. 11, p. 4.) – as well as his fifth proposed new claim challenging the constitutionality of the federal statutes pursuant to which Petitioner was convicted and sentenced (doc. no. 14). Therefore, the Court finds that these proposed new claims arise out of different conduct and occurrences than the claims from his second amended § 2255 motion; accordingly, these new claims cannot relate back to the date of that motion.

However, Petitioner's fourth new proposed claim is that his trial counsel rendered ineffective assistance by failing to object to Petitioner being sentenced as a career offender. (Doc. no. 11, p. 4.) This is essentially the same as the claims asserted in the second amended § 2255 motion, simply recast as an ineffective assistance of counsel claim. Although the legal framework for this claim is therefore different, it shares a factual basis with the claims in the

15

second amended § 2255 motion. Thus, the Court finds Petitioner's fourth proposed new claim relates back to the date of the date of the second amended § 225 motion. See Pruitt, 274 F.3d at 1319 ("[T]he key factor is whether the amended claims arise from the same underlying facts as the original claims."). Accordingly, this new proposed claim will not be excluded on timeliness grounds.

As to the proposed new claims that do not relate back, another manner in which they might not be time-barred is if they qualify for equitable tolling, which the Eleventh Circuit has held applicable to the statute of limitations in § 2255 cases. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd,* 544 U.S. 295 (2005). Equitable tolling can be applied to prevent application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the motion to amend and the record. Accordingly, the Court concludes that there is no basis for equitably tolling the AEDPA's

one-year statute of limitations.

Additionally, consideration of otherwise untimely claims for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner repeatedly asserts that he is "actually innocent" of being a career offender because his prior convictions do not qualify him as such. (See, e.g., doc. no. 3, pp. 8-9.) This argument has been specifically rejected by the Eleventh Circuit, which has held that the actual innocence exception does not extend to a claim premised on an allegation of legal error in applying the career offender sentencing enhancement. McKay v. United States, ___ F.3d ___, 2011 U.S. App. LEXIS 19422, at *25-26 (11th Cir. 2011) ("[T]he actual innocence exception does not apply to [petitioner's] claim that he was erroneously sentenced as a career offender."). Moreover, alleged sentencing errors are not to be confused with convictions in applying the actual innocence exception. Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011). In other words, the actual innocence exception may apply in the case of a petitioner who shows factual innocence of the crime of which he was convicted, but the exception does not encompass arguments, such as the one Petitioner attempts to raise,

17

which allege legal error in applying sentencing enhancements. See McKay, 2011 U.S. App. LEXIS 19422, at *22-26. Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Therefore, the actual innocence exception cannot save the proposed amended claims that do not relate back from being time-barred under the AEDPA.

In sum, aside from Petitioner's proposed claim that his counsel provided ineffective assistance by failing to challenge the career offender status, the proposed claims in Petitioner's motions to amend would be time-barred. Petitioner's motion to amend should therefore be **DENIED** for futility as to these claims.[11] See Pittman, 209 F.3d at 317. The Court will now proceed to determine whether Petitioner should be permitted to add his proposed ineffective assistance of counsel claim.

### b. New Proposed Ineffective Assistance of Counsel Claim Is Barred by Collateral Waiver

Although Petitioner's fourth proposed new claim alleging ineffective assistance of counsel would relate back, it is nevertheless futile for Petitioner to bring the claim because,

---

[11] Regarding Petitioner's proposed Fair Sentencing Act claim, the Court notes that the Act amended the sections of § 841 providing penalties for possession of cocaine base by increasing the amounts necessary for the imposition of the mandatory minimum terms of imprisonment, went into effect on August 3, 2010. See Pub. L. No. 111-220, § 2(a)(1) – (2); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam). The United States Sentencing Commission has voted to give retroactive effect to the proposed amendments to the Sentencing Guidelines provision that implements the Fair Sentencing Act of 2010, to take effect November 1, 2011. See 76 Fed. Reg. 41332-35 (July 13, 2011). As Respondent points out, the proper manner for Petitioner to apply for relief based on these amendments is to file a motion for sentence modification under 18 U.S.C. § 3582(c)(2). See id. Notably, Petitioner filed a § 3582(c)(2) motion subsequent to his § 2255 motion. CR 103-045, doc. no. 203. The instant Report and Recommendation shall not be construed so as to offer any ruling or commentary on the merit of that separate application for relief.

for the reasons discussed above with respect to the claims in his second amended § 2255 motion, it is barred by the collateral attack waiver in his plea agreement. See supra Part II.A.

Moreover, the fact that the proposed new claim is premised on ineffective assistance of counsel does not alter this conclusion. "An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002)). Applying this principle, the Eleventh Circuit concluded in Williams that the petitioner's ineffective assistance of counsel claims concerning his counsel's representation at sentencing were not exempted from the collateral attack waiver in the plea agreement, as the claims "[did] not concern representation relating to the validity of the plea or waiver." See id.

The same reasoning applies here. Like the claims in Williams, Petitioner's proposed ineffective assistance of counsel claim concerns his counsel's performance at sentencing, and it does not call into question the validity of Petitioner's guilty plea or collateral attack waiver. Accordingly, the claim, if allowed, would be barred by the collateral attack waiver. Petitioner's motion to amend should thus be **DENIED** for futility with regard to his new proposed ineffective assistance of counsel claim.

In short, all Petitioner's proposed new claims are either untimely or are barred by the collateral attack waiver in his plea agreement. Petitioner's motions to amend should therefore be **DENIED** for futility to the extent that they seek to add new claims. See Coventry First, LLC, 605 F.3d at 870. Furthermore, because Petitioner is not entitled to amend his pleadings

to bring any of his proposed new claims, Respondent's motion to dismiss the instant § 2255 action in its entirety should be **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 5), that Petitioner's motions to amend be **DENIED** (doc. nos. 6, 8, 11, 14), that the instant § 2255 action be **DISMISSED** and **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED on this 28th day of October, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE