FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 FEB -7 PM 1:57
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TOBIAS A. FRANK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 111-018 |
| | ) (Formerly CR 103-045) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 23, 24).[1] In the R&R, the Magistrate Judge recommended granting Respondent's motion to dismiss Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. no. 16.) The Magistrate Judge also recommended that several motions to amend filed by Petitioner be denied. (See id.)

As an initial matter, the Court notes that following his first set of objections, Petitioner filed three motions to supplement his objections.[2] (Doc. nos. 24, 25, 26.) The first of these motions was filed within the extended time limit for objecting to the R&R; therefore, that motion is **GRANTED**. (Doc. no. 24.) As to the latter two motions, they were

---

[1] Petitioner requested, and was granted, an extension of time in which to object to the R&R. (Doc. nos. 21, 22.)

[2] The additional objections are set forth in the same filings as the motions to supplement.

filed well after the extended objection deadline, and Petitioner has provided no excuse for their tardiness; as a result, those motions are **DENIED**.[3] (Doc. nos 25, 26.)

Taking all of Petitioner's timely objections into consideration, the Court finds that he has failed to provide any reason to depart from the conclusions in the R&R. Petitioner challenges the Magistrate Judge's determination that the collateral attack waiver in his plea agreement was knowing and voluntary; according to Petitioner, he repeatedly told his trial counsel that he wanted to preserve his right to appeal and collaterally attack his sentence, but his trial counsel nevertheless proceeded with the plea agreement. (See doc. no. 23, pp. 4-5; doc. no. 24, p. 2.) Notably, however, in the written plea agreement signed by Petitioner, he "expressly waive[d] any and all rights to collateral post-conviction attack of the sentence imposed." United States v. Frank, CR 103-045, doc. no. 97, p. 4 (S.D. Ga. Mar. 9, 2004) (hereinafter "CR 103-045"). Moreover, during the Rule 11 hearing, Petitioner was explicitly informed by the Court that he had "waived any right to make any collateral post-conviction attack or habeas corpus attack on [his sentence]." Id., doc. no. 120, pp. 15-16. At the same hearing, the Court summarized and explained the terms of the plea agreement, and Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained to him by the Court. Id. at 17-18. In short, the record before the Court demonstrates that the collateral attack waiver was knowing and voluntary, and Petitioner's self-serving allegations to the contrary are unavailing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (noting that "solemn declarations in open court [at a guilty plea hearing] carry

---

[3]In any event, consideration of these untimely supplemental objections would make no difference in the Court's ruling, as they are largely duplicative of arguments asserted in the timely objections and are without merit.

2

a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings").

Petitioner also reasserts in his objections that he is "actually innocent" of being a career offender and that the Court's application of the career offender enhancement resulted in a fundamental miscarriage of justice. (See doc. no. 23, pp. 5-8; doc. no. 24, pp. 4-5.) The Court rejects this contention. As explained in the R&R (see doc. no. 16, pp. 17-18), Eleventh Circuit case law forecloses application of the actual innocence exception in the context of claims of legal error at sentencing. McKay v. United States, 657 F.3d 1190, 1200 (11th Cir. 2011) ("[T]he actual innocence exception does not apply to [petitioner's] claim that he was erroneously sentenced as a career offender."); see also Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) (*en banc*).

Petitioner's remaining objections are likewise without merit and do not warrant further discussion. As a result, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondent's motion to dismiss is **GRANTED** (doc. no. 5), and Petitioner's motions to amend are **DENIED** (doc. nos. 6, 8, 11, 14).

Furthermore, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in

3

consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, a final judgment shall be **ENTERED** in favor of Respondent, and the instant § 2255 action shall be **DISMISSED** and **CLOSED**.

SO ORDERED this ___ day of February, 2012, at Augusta, Georgia.

*/s/ Dudley H. Bowen Jr.*
UNITED STATES DISTRICT JUDGE

---

[4] "'If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

4