IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JUL 24 P 1: 10

CLERK _____
SO. DIST. OF GA.

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TOBIAS A. FRANK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-113 |
| | ) | (Formerly CR 103-045) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate confined to federal custody at Federal Correctional Institution #2 in Adelanto, California, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

I.      **BACKGROUND**

On July 10, 2003, Petitioner was charged with several drug-related crimes in an eight-count indictment. United States v. Frank, CR 103-045, doc. no. 1 (S.D. Ga. July 10, 2003) (hereinafter "CR 103-045"). On March 9, 2004, Petitioner pleaded guilty to possession with intent to distribute over five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). Id., doc. no. 96. Accordingly, United States District Judge Dudley H. Bowen, Jr.,

sentenced Petitioner to a 262-month term of incarceration, which he later reduced to 156 months pursuant to (1) a motion by the government asking for a reduction under Fed. R. Crim. P. 35(b) for substantial assistance; and (2) a motion by Petitioner seeking a reduction based on a retroactive amendment to the sentencing guidelines. Id., doc. nos. 106, 156. Petitioner filed a direct appeal, which the Eleventh Circuit Court of Appeals dismissed on January 6, 2006 because Petitioner had entered into a valid appeal waiver in his plea agreement. See id., doc. nos. 107, 124. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

On February 7, 2011, Petitioner filed his first § 2255 motion in this Court. See Frank v. United States, CV 111-018, doc. no. 1 (S.D. Ga. Feb. 7, 2011) (hereinafter "CV 111-018"). Petitioner then submitted a series of amendments and attempted amendments to the motion, ultimately setting forth claims remarkably similar to those in the instant motion. Specifically, Petitioner argued that, in light of various then-recent Supreme Court decisions, his conviction was invalid. Id., doc. no. 3, pp. 2-8. The Court recommended dismissal of Petitioner's second amended habeas motion because his claims were barred by a valid collateral attack waiver in his written plea agreement. See generally id., doc. no. 16. On February 7, 2012, Judge Bowen adopted the Court's Report and Recommendation ("R&R") as the opinion of the District Court and entered judgment in favor of Respondent. Id., doc. nos. 27, 28.

Petitioner has now filed a second § 2255 motion, wherein he asserts (1) in light of the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), he is "entitled to have his illegal conviction corrected, set aside, and vacated" because "the

additional 144 grams of cocaine base attributed to [him] [must] be submitted to a jury and found beyond a reasonable doubt;" and (2) he was subjected to an "illegal firearm enhancement" that was not "factually ruled upon." (See generally doc. no. 1.)

## II. DISCUSSION

Petitioner's claims are barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (per curiam) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, Petitioner has previously filed a § 2255 motion that was dismissed as barred by a valid collateral attack waiver. Tellingly, Petitioner explicitly asserted in that motion that it was not second or successive, see CV 111-018, doc. no. 3, p. 2, but he conspicuously omits any mention of second or successive motions in his current filing (see generally doc. no. 1).

3

While Petitioner's argument here is premised on the Supreme Court's recent decision from June of 2013 in Alleyne (see doc. no. 1, p. 3), the instant motion is nevertheless properly classified as "second or successive" in the sense contemplated by § 2255. In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein was not yet ripe at the time of his first motion. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 862. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007).

Leal Garcia clearly established that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition."[1] Leal Garcia, 573 F.3d at 221 (emphasis in original). The court further explained that the small subset of claims not considered second or successive were those "based on a *factual* predicate not previously discoverable," as opposed to those based on a shift in the law. Id. In fact, the court noted that the AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and

---

[1] The Court is not aware of any authority indicating that Alleyne is retroactively applicable, and the case itself provides no such indication.

sentences" as "the legal landscape shifts." <u>Id.</u>

In sum, the Court finds that the instant petition is successive, and Petitioner does not state that he has been granted permission to file a successive § 2255 motion in this Court. Absent authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider the issues raised in Petitioner's motion. <u>See</u> <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"); <u>see also</u> <u>In re Dean</u>, 341 F.3d 1247, 1248-49 (11th Cir. 2003) (*per curiam*) (denying permission to file successive § 2255 motion alleging sentencing error based on successful challenge to state convictions that were used to calculate federal sentence). Accordingly, Petitioner's current § 2255 motion should be dismissed.

## III. CONCLUSION

Based on an initial review of the instant § 2255 motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court finds the motion to be successive. The Court therefore **REPORTS** and **RECOMMENDS** that the motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of July, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE