IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TOBIAS A. FRANK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 114-147 |
| | ) (Formerly CR 103-045) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at Fairton Federal Correctional Institution in Fairton, New Jersey, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Although Petitioner titles his motion as a "Motion to Correct Sentence Under Writ of Error Coram Nobis, Fed. R. Civ. P. 60(b), or in the Alternative 28 U.S.C. § 2255," it is properly classified as a § 2255 motion.[1] See United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990). The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and

---

[1] Petitioner is attacking his judgment of conviction and not the rulings in his two previous § 2255 cases. (See doc. no. 3.) Fed. R. Civ. P. 60(b) does not afford relief from judgment in a criminal case. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Additionally, 28 U.S.C. § 2255 replaced coram nobis as an avenue for relief for prisoners still in federal custody. Galatolo v. United States, 196 F. App'x 854, 857 (11th Cir. 2006).

**RECOMMENDS** that both motions to appoint counsel be **DENIED**, the § 2255 motion be **DISMISSED**, and this civil action be **CLOSED**.[2]

I.   BACKGROUND

On July 10, 2003, Petitioner was charged with several drug-related crimes in an eight-count indictment. United States v. Frank, CR 103-045, doc. no. 1 (S.D. Ga. July 10, 2003) ("CR 103-045"). On March 9, 2004, Petitioner pleaded guilty to possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). (Id., doc. no. 96.) As explained in the Presentence Investigation Report ("PSI"), Petitioner's criminal history qualified him as a career offender under § 4B1.1 of the sentencing guidelines.[3] (PSI ¶ 48.) Accordingly, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to a 262-month term of incarceration, which he later reduced to 156 months pursuant to (1) a motion by the government asking for a reduction under Fed. R. Crim. P. 35(b) for substantial assistance; and (2) a motion by Petitioner seeking a reduction based on a retroactive amendment to the sentencing guidelines. (Id., doc. nos. 106, 156.) Petitioner filed a direct appeal, which the Eleventh Circuit Court of Appeals dismissed on January 6, 2006 because Petitioner had entered into a valid appeal waiver in his plea agreement. (See id., doc. nos. 107, 124.) Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

On February 7, 2011, Petitioner filed his first § 2255 motion in this Court. See Frank v. United States, CV 111-018, doc. no. 1 (S.D. Ga. Feb. 7, 2011) ("CV 111-018"). Petitioner then

---

[2] Petitioner filed an amended § 2255 motion on August 26, 2014 which is merely a fully typewritten version of the original motion. (Doc. no. 3.) Under Fed. R. Civ. P. 15(a), Petitioner is allowed to amend his pleading once as a matter of course. See Pruitt v. United States, 274 F.3d 1315, 1317-19 (11th Cir. 2001).

[3] Section 4B1.1 states that a defendant is a career offender if the instant offense is a crime of violence or a controlled substance offense and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1.

submitted a series of amendments and attempted amendments to the motion, ultimately setting forth claims remarkably similar to those in the instant motion. Specifically, Petitioner argued that, in light of various then-recent Supreme Court decisions, his conviction was invalid. (Id., doc. no. 3, pp. 2-8.) The Court recommended dismissal of Petitioner's case because his claims were barred by a valid collateral attack waiver in his written plea agreement. (See generally id., doc. no. 16.) On February 7, 2012, Judge Bowen adopted the Court's Report and Recommendation ("R&R") as the opinion of the District Court and entered judgment in favor of Respondent. (Id., doc. nos. 27, 28.)

On July 12, 2013 Petitioner filed a second § 2255 motion, wherein he asserted that in light of the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), he was entitled to have his conviction set aside and vacated, and that he was also subjected to an illegal firearm enhancement. See Frank v. United States, CV 113-113, doc. no. 1 (S.D. Ga. July 12, 2013) ("CV 113-113"). The Court recommended dismissal of Petitioner's motion because his claims were successive, and he had not received authorization from the Eleventh Circuit to file a successive motion with this Court. (See generally id., doc. no. 2.) On August 30, 2013, Judge Bowen adopted the Court's R&R as the opinion of the District Court and dismissed the action. (Id., doc. nos. 6, 7.)

Petitioner has now filed a third § 2255 motion asserting that he is entitled to be resentenced under Descamps v. United States, 133 S. Ct. 2276 (2013). (Doc. no. 1.) Petitioner argues that, in light of Descamps, he is no longer a career offender. (Id.) Petitioner has also filed two motions to appoint counsel. (Doc. nos. 2, 4.)

## II. DISCUSSION

### A. Petitioner's Motion is Successive

Petitioner's claims are barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein was not yet ripe at the time of his first motion. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 862. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007).

4

Leal Garcia clearly established that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). The court further explained that the small subset of claims not considered second or successive were those "based on a *factual* predicate not previously discoverable," as opposed to those based on a shift in the law. Id. In fact, the court noted that the AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id.

Here, Petitioner has previously filed two § 2255 motions that were dismissed. See CV 111-018, doc. no. 3; CV 113-113, doc. no. 1.[4] Petitioner's first § 2255 motion was dismissed as barred by a collateral attack waiver, see CV 111-018, doc. no. 16, while Petitioner's second § 2255 motion was dismissed as successive, see CV 113-113, doc. no. 6. Petitioner's first § 2255 motion was clearly adjudicated on the merits and was denied. See United States v. Walden, 05-15716, 2006 WL 955768 (11th Cir. Apr. 12, 2006) (finding a § 2255 motion successive when the previous motion was denied on the basis of a collateral attack waiver). As no intervening factual predicate has arisen in the time between Petitioner's first motion and this instant motion, see Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014), the instant motion is properly classified as "second or successive" in the sense contemplated by § 2255. Additionally, this Court's prior ruling that Petitioner's first § 2255 motion is barred by a knowing and voluntary collateral attack waiver is still applicable here. See CV 111-018, doc. no. 16.

---

[4] A court may take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457 (11th Cir. 1987).

5

In sum, the Court finds that the instant motion is successive, and Petitioner does not state that he has been granted permission to file a successive § 2255 motion in this Court. Absent authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider the issues raised in Petitioner's motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"). Accordingly, Petitioner's current § 2255 motion should be dismissed on the basis that it is successive.

### B. Petitioner's Motion is Untimely

Even if Petitioner's claims were not successive and otherwise barred by the collateral attack waiver in his plea agreement, Petitioner's claims would be barred from review by virtue of the one-year statute of limitations for § 2255 motions. Under AEDPA that one year runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment and conviction was entered on July 27, 2004, and his appeal to the Eleventh Circuit was dismissed on January 9, 2006. CR 103-045, doc. nos. 106, 124. Thus, the instant motion is before the Court more than eight years after Petitioner's conviction became final for § 2255 purposes. See Clay v. United States, 537 U.S. 522, 525

(2003) (holding that a judgment of conviction becomes final after the time for filing a writ of certiorari has expired).

The only argument Petitioner presents to demonstrate his motion is timely is that he has filed his § 2255 motion within a year of the decision in Descamps which Petitioner argues is retroactively applicable.[5] (See doc. no. 1, p. 1-2.) However, Descamps is not relevant here. Petitioner was sentenced as a career offender under § 4B1.1 of the sentencing guidelines for having three prior qualifying convictions, one of which was statutory rape. (PSI ¶ 48). Descamps addressed a prior burglary conviction under the Armed Career Criminal Act ("ACCA"). Petitioner was not sentenced under the ACCA. (PSI ¶ 48). Petitioner also argues that Johnson v. United States, 559 U.S. 133 (2010) and Begay v. United States, 553 U.S. 137 (2008) provide support for his proposition that he is no longer a career offender. However, both decisions address the ACCA and not the sentencing guidelines. Furthermore, both decisions were issued well beyond a year ago. As Petitioner's arguments that he falls within the one-year statute of limitations are unavailing, his § 2255 motion cannot be considered timely under 28 U.S.C. § 2255(f).

### C. No Exceptional Circumstances Exist to Justify Appointment of Counsel

There is no constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (*per curiam*) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing

---

[5] Multiple courts within the Eleventh Circuit have refused to apply Descamps on collateral review. Murphy v. United States, No. 2:13-CV-08051, 2014 WL 1388403, at *5 (N.D. Ala. Apr. 9, 2014) (collecting cases); Strickland v. English, No. 5:13-cv-248, 2013 WL 4502302, at *8 (N.D. Fla. Aug. 22, 2013). The Court need not reach the issue of whether Descamps should apply retroactively in all cases on collateral review because its holding does not apply to Petitioner.

Section 2255 Cases in the United States District Courts, the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to § 2255. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (*per curiam*)). Moreover, "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (citations omitted); see also Hooks, 775 F.2d at 1438.

Here, Petitioner has not shown exceptional circumstances justifying the appointment of counsel. McCall, 495 F. App'x at 31. In fact, Petitioner has been able to file motions on his own behalf and has been able to adequately present his claims to the Court. Petitioner's only argument for appointment of counsel is that "a fundamental miscarriage of justice has occurred [sic]." (Doc. no. 2.) Given that no exceptional circumstances exist, appointment of counsel is clearly not warranted in this case.

### III. CONCLUSION

Based on an initial review of the instant § 2255 motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court finds the motion to be successive and, in the alternative, untimely. The Court therefore **REPORTS** and **RECOMMENDS** that both motions to appoint counsel be **DENIED**, the § 2255 motion and amended motion be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA